**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EDWARD F. GRODEN, EXECUTIVE DIRECTOR )<br>of the NEW ENGLAND TEAMSTERS AND )<br>TRUCKING INDUSTRY PENSION FUND )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAXUM EXPO SERVICES, LLC, )<br>)<br>Defendant. ) | **C.A. No.:** |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3. Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, Massachusetts 01803.

4. At all material times, Defendant Maxum Expo Services, LLC ("Maxum"), is a New Jersey limited liability company with a principal place of business in Mt. Ephraim, New Jersey.

5. Maxum has been an "employer" within the meaning of ERISA § 3(5) 29 U.S.C. § 1002(5) and is an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

6. Monica Viggiano of 109 Hill Street, Mount Ephraim, New Jersey 08059 is a member/manager, an authorized representative and the registered agent for Maxum pursuant to filings with the New Jersey Secretary of State.

7. Teamsters Local Union No. 25 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8. At all material times, Maxum was obligated by the terms of one or more collective bargaining agreements between Maxum and Teamsters Local Union No. 25, and by the terms of an Agreement and Declaration of Trust to which Maxum was bound to make contributions on behalf of certain employees to the Pension Fund.

9. On or about March 31, 2017, Maxum permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

10. By letter dated December 27, 2017, the Pension Fund notified Maxum that it had withdrawn and demanded payment of Maxum's proportionate share of the Pension Fund's unfunded vested benefit liability.

11. In demanding payment of Maxum's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $165,120.00 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on February 27, 2018.

12. Maxum failed to make any payments on or before February 27, 2018.

13. By letter dated March 30, 2018, the Maxum requested review of the withdrawal liability assessment.

14.     Defendant Maxum has failed to make any withdrawal liability payments to the Pension Fund and has not initiated timely arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, plaintiff demands that judgment enter against Defendant Maxum in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. all delinquent interim monthly payments of withdrawal liability;

    b. interest on the delinquent monthly payment of withdrawal liability from the date the first payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: August 20, 2018                                          Respectfully submitted,

                                                                Catherine M. Campbell, Esq.
                                                                BBO # 549397
                                                                Melissa A. Brennan, Esq.
                                                                BBO # 669489
                                                                **Feinberg, Campbell & Zack, PC**
                                                                177 Milk Street, Suite 300
                                                                Boston, MA 02109
                                                                Tel.: (617) 338-1976


                                                                /s/ Catherine M. Campbell
                                                                Attorney for Plaintiff,
                                                                Edward F. Groden

## **CERTIFICATE OF SERVICE**

      I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the United States Secretaries of Labor and Treasury and the Pension Benefit Guaranty Corporation.

Dated: August 20, 2018                                           /s/ Catherine M. Campbell  
                                                                            Catherine M. Campbell, Esq.